Mr. Justice Trotter
delivered the opinion of the court.
The statute of this state, provides, that any person who may feel himself aggrieved by any .judgment, decree, decision or order •of the Orphans Court, may appeal therefrom. The language of this act is broad enough to include every decree or order of the •court, and therefore the appeal results as a clear and well defined right of the party who may be injuriously affected by it. The •legislature cannot be supposed, however, to have intended to allow an appeal from every possible order which may be necessary in the ordinary course and practice of the court, during the progress of a cause. There are frequent applications in the usual preparations of a cause for trial, to the mere discretion of the court, and if appeals were allowable from the decision on these various applications, there would be no end to litigation. The obvious *650 meaning of the legislature is to give any party aggrieved by any such order or decision, the right to have it reviewed. And in order to determine whether the decision be of this character, it is necessary to ascertain whether it involves the merits of the controversy, or may affect the merits. If it does, the decree though only interlocutory, is the subject of appeal. The act certainly designed to enlarge the right of appeal, and it would be contrary to its letter and spirit to confine its operation to decisions or decrees which make a final disposition of the cause. The term order, from its general acceptation, is distinguished from a final decree. It is very certain that difficulties may, and must of necessity, arise as to the true interpretation of the act, and especially in drawing a line of distinction between such orders as can be appealed^from, and such as cannot. The courts in New-York have been much perplexed in giving application to a similar statute of that state in regard to the orders and decrees of the court of chancery. And though the act has been brought before them in numerous cases, they have never been enabled to establish a fixed criterion of decision. Each case appears to have been determined in reference to its peculiar features. In one of the later cases, that of Beach v. Fulton, 2 Wend. 230, this embarrassment is felt and acknowledged by the judges of the supreme court. In that case a nearer approach is perhaps made to fix a uniform rule on this subject than in any of the numerous ones which preceded it. It was an appeal from an order of the chancellor, refusing a re-examination of a witness in the cause pending in that court. A motion was made in the appellate court to dismiss the appeal, on the ground that the order was merely interlocutory, and made in the exercise of a discretionary power belonging to the chancellor. The court however sustained the appeal under the language of the statute, on the ground that it might deprive the party of material evidence, and thus affect the merits of the cause. It was sufficient that he might be aggrieved, since the order might have an important influence over the result or final decree.
The only rule which can be extracted from this case is, that an appeal will be entertained, when it is clear that the decision must affect the merits of the cause, and prove a grievance to the party against whom it is made. That case fully sustains the present *651 appeal. And it may be doubted whether the case at bar was in want of the aid of the authority which it furnishes, since the de■cree complained of was final as to two of the original defendants to the bill. Ball’s Devisees v. Bali’s Executors, 3 Munford, 279. Here the appellant had obtained a final decree against the administrator and his sureties for a very large sum of money, which by a subsequent decree is entirely reversed as to two of the defendants, and the bill, as to them, dismissed, and the cause re-opened as' to the other defendant. . Surely we can have no difficulty in pronouncing this to be a decision which affects the merits of the controversy, and which is a serious grievance to the appellant. We feel bound to entertain the cause, and give the appellant the benefit of a review of the decision.
Having thus settled this preliminary question, we will next proceed to an examination of the merits of the case. The principal question raised in the argument, respects the jurisdiction of the probate court over the subject of the proceeding. The sureties are not liable, it is contended, to be called to account in the probate court, and can only be sued after a final settlement by the administrator, and a decree to pay what is found to be due, or to make distribution as the case may be. The section of the probate court law under which this proceeding was instituted, provides that if either of the parties, having a contest in the orphans’ court shall require, the said court may direct a plenary proceeding, by bill, or petition, &c. The law seems to be confined to persons who may have a contest pending. The object" of the law Avas no doubt to afford to parties litigant in the court of probate the right to a discovery. It never could have been designed to confer upon the court the right to call in third persons, Avho are under no obligations, and bear no official relation to the court. The administrator is liable to be proceeded against in the mode here pointed out, because being an officer of the court, it can act upon him, and coerce his appearance. The sureties are in no way amenable to that court. They are responsible only upon the bond, and cannot be called, to account in the probate court. They must be sued at law, after’proper steps have been taken to fix the liability of the administrator. It is held in Alabama to be *652 the true rule, that an action can only be maintained against the. sureties on the bond at law, and then only after a final settlement,, and decree of the court ascertaining the amount of the liability of the administrator, and directing him to pay it. This appears to be the settled doctrine in that state. 1 Porter, 70; 3 Stewart & Porter, 263, 348. The same rule prevails in South Carolina, where it has been decided in repeated cases that the sureties on the administration bond cannot be made parties to a proceeding against the administrator for an account, but can only be made liable on the bond in a suit at law after a decree against the administrator on the settlement of his accounts. Simpkins v. Cobb, 2 Bailey’s S. C. Rep. 60. The same point was also ruled in the case of the Ordinary v. Robinson, 1 Bailey, 27; 1 Nott & McCord, 587; 4 do. 113, 120. The same point has also been frequently settled in Virginia.
The cases referred to by the counsel for the appellant, do not apply to this question. Those cases refer entirely to proceedings in the court of chancery, and jurisdiction was entertained on the peculiar grounds of the respective cases, decided. The act of the legislature of this state, which authorizes a joint action on the bond against the administrator and his securities for a devas-tavit, without a previous suit against the principal to establish the devastavit, does not change the rule laid down in the cases-in Alabama and South Carolina on this subject. It only dispenses with the necessity of a first action at law against the administrator. Its effect is not to draw the sureties before the probate court, nor to dispense with the necessity of a proceeding against the administrator to account, &c.
We are therefore of opinion that the original decree was unauthorized by law, and that the second decree reversing it was proper, and that the decree appealed from be affirmed.